UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| RODNEY RIDDELL, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5:12-00088-KSF |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| DEBORAH HICKEY, *Warden*, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Rodney Riddell, confined in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a *pro se* 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the Bureau of Prisons' ("BOP") decision to deny him "early release" under 18 U.S.C. § 3621(e).

As Riddell has paid the $5.00 filing fee, the Court reviews his § 2241 petition to determine whether, based on the face of the petition and any attached exhibits, Riddell is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979)*; see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

For the reasons set forth below, the Court will deny Riddell's § 2241 petition with prejudice and dismiss this proceeding.

## CLAIMS ASSERTED

Riddell is currently serving a 2002 federal sentence for possession of a firearm in violation of 18 U.S.C. § 922(g).  Riddell alleges that, although the § 922(g) offense does not qualify as a "violent" offense, FMC-Lexington officials have improperly denied him "early release" under 18 U.S.C. § 3621(e).  Under that statute, the BOP has discretion to grant a federal inmate a sentence reduction of up to one year if he was convicted of a nonviolent offense, qualifies for the Residential Drug Abuse Program ("RDAP"), and successfully completes the RDAP.[1]  Riddell alleges that the FMC-Lexington RDAP staff did not apply the proper criteria when it determined that he was ineligible to participate in the RDAP and hence, obtain the possible one-year sentence reduction.  These claims fall under the Fifth Amendment of the United States Constitution, which guarantees due process of law.

Riddell asserts two other claims.  First, he broadly alleges that 18 U.S.C. § 3621(e) violates the Equal Protection Clause of the Fifth Amendment of the United States Constitution.  Second, Riddell argues that BOP's decision to exclude federal inmates who have been convicted of mere possession of a firearm from early release consideration violates the Administrative Procedure Act ("APA"), 5 U. S. C § 706, *et seq*.

## ADMINISTRATIVE EXHAUSTION

On December 9, 2011, Riddell submitted a BP-9 "Request for Administrative Remedy" requesting that the BOP change the manner in which it classified crimes of violence.  [R. 1-1,

---

[1] Eligible federal inmates may receive various incentives if they participate in drug abuse treatment programs.  28 C.F.R. § 550.57.  The BOP has discretion to grant an inmate a sentence reduction of up to one year if he was convicted of a nonviolent offense, qualifies for the RDAP, and successfully completes the RDAP.  18 U.S.C. § 3621(e)(2)(B).

p. 1].[2] On December 22, 2011, Warden Hickey acknowledged Riddell's administrative remedy request, stating that his file had been forwarded to the BOP's Designation and Sentence Computation Center for a final determination as to whether he qualified for participation in the RDAP. [*Id*., p. 2]. Hickey also informed Riddell that if he was dissatisfied with her response, he should appeal to the BOP Mid-Atlantic Regional Office ("MARO") within 20 days.

Riddell admits in his § 2241 petition that he did not pursue the BOP's additional administrative remedy procedures,[3] claiming that further exhaustion efforts would be futile. *See* Petition, [R. 1, p. 2]. Riddell also contends that being required to administratively exhaust his claims will preclude him from obtaining the full one-year reduction, because the exhaustion process will take four months, and he will be released to a halfway house in April 2013, a year from now. *Id*.

## DISCUSSION

Riddell's argument, that he has done all that he is required to do to administratively exhaust his claim and that the Court should address his claims, lack merit. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the BOP's available administrative remedies before filing a petition seeking habeas corpus relief pursuant to § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473

---

[2] Riddell stated in his § 2241 petition that he had filed two administrative remedy requests, but he attached copies of only one administrative remedy, Remedy No. 668194-F1.

[3] The BOP has a multi-tiered administrative remedy process with which a federal inmate must comply to complain about any aspect of his confinement. *See* 28 C.F.R. § § 542.10-542.19. If the inmate cannot informally resolve his complaint, he may then submit a formal written request (a BP-9 form) to the Warden. *See id*. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may submit a BP-10 appeal to the Regional Director, and if the inmate is not satisfied with the Regional Director's response, he may submit a BP-11 appeal to the Office of General Counsel. *See id*. § 542.15 (a)-(b).

F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam). *See also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir.1998); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993). Exhaustion promotes a number of desirable goals, including filtering out frivolous claims, giving the agency the opportunity to review its conclusions short of litigation, and developing a full and complete factual record which allows a district court to review the agency's final action. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988); *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980).

Contrary to Riddell's allegations, it is not obvious that requiring him to fully exhaust his due process, equal protection, and APA claims, would be futile. *See Raynor v. Shartle*, No. 4:08-CV-1688, 2009 WL 1661913, at *3 (N.D. Ohio June 15, 2009) (requiring prisoner convicted of drug and firearm offenses to fully exhaust his claims seeking early release through the RDAP). Notably, Riddell was convicted in November 2002, yet he waited nine years – until December 2011 – to begin challenging his presumed exclusion from the RDAP.

Further, Warden Hickey responded to Riddell's administrative remedy on December 22, 2011. Had Riddell promptly appealed to the MARO and, if necessary, to the BOP Central office, he could have likely completed the exhaustion process by as early as late March 2012. Instead he filed his § 22411 petition on March 23, 2012. While Riddell alleges that he is scheduled to be released to a BOP halfway house in April **2013**, the BOP's official website reveals that his projected release date is August 20, **2014**. *See* "Inmate Locator" feature for Rodney Riddell, BOP Register No. 06627-028, www.bop.gov.  Thus, Riddell had had ample time to fully exhaust his RDAP claims through the BOP's administrative remedy process. Regardless of

4

Riddell's unwarranted failure to exhaust his claims, the Court will address the merits of his claims, all of which fail for various reasons.

First, prisoners have no constitutionally protected interest in release prior to the expiration of their prison terms. *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir.1998); *Jacks v. Crabtree*, 114 F.3d 983, 986 n. 4 (9th Cir.1997) (finding that 18 U.S.C. § 3621(e)(2)(B) does not create a due process liberty interest in a one-year sentence reduction). Congress has given the BOP complete authority to determine the custody classification and security levels of federal inmates. *See* 18 U.S.C. § 3621(b). Accordingly, federal prisoners have no constitutional right either to participate in any prison rehabilitation programs, *see Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); to be incarcerated in a particular facility, *Watkins v. Curtin*, No. 1:05-cv-267, 2005 WL 1189602, at *2 (W.D. Mich. May 19, 2005); or to be placed in a specific security classification, *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004).

Further, courts have upheld the BOP's regulation which excludes federal inmates who are serving sentences for unlawful possession of a firearm from consideration for early release. In 2001, the Supreme Court upheld the BOP's earlier regulation, 28 C.F.R. § 550.58 (a)(1)(vi)(B), which gave it discretion to categorically deny early release to certain groups of federal prisoners, including those whose current convictions were for carrying, possession, or use of a firearm or other dangerous weapon. *See Lopez v. Davis*, 531 U.S. 230, 244 (2001). The Supreme Court determined that the word "may" in section 3621(e) gives the BOP discretion to exclude categories of inmates from early release, and that individualized determinations are not necessary. *See Lopez*, 531 U.S. at 240-44; *Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007);

5

*see also*, *Harrison v. Lamanna*, 19 F. App'x. 342, 342 (6th Cir. 2001) ("In *Lopez*, the Supreme Court expressly held that the Bureau's decision to exclude the category of inmates into which Harrison falls was a reasonable decision.").

In 2008, this Court determined that based on *Lopez*, the BOP did not abuse its discretion in concluding that the crime of being felon in possession for firearm was not a "non-violent offense," and that an inmate convicted of the offense was ineligible for a sentence reduction even upon successful completion of the RDAP. *See Cushenberry v. Federal Medical Center*, 530 F. Supp.2d 908, 913 (E. D. Ky. 2008). The Court said, "there is nothing unreasonable in the BOP's common-sense decision that there is a significant potential for violence from criminals who possess firearms." *Id*. (citing *Chevrier v. Marberry*, No. 04-10239, 2006 WL 3759909, at *5 (E.D. Mich. December 20, 2006)).

In 2009, the BOP revised its regulation to clarify why inmates whose current offense is a felony involving the "carrying, **possession**, or use of a firearm or other dangerous weapon" would be categorically denied consideration for a sentence reduction. *See* 28 C.F.R. § 550.55(b)(5)(ii) (emphasis added); *see also*, BOP Program Statement 51602.04. In doing so, the BOP established both a public safety and a uniformity rationale. The BOP explained its position that offenders convicted of firearm possession charges pose special dangers as follows:

> [I]n the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in *Lopez v. Davis*, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." [*Lopez*, 531 U.S.] at 240 [121 S.Ct. 714]. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, **possess** or use firearms while engaged in

> felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

74 Fed. Reg. 1892, 1895 (Jan. 14, 2009) (emphasis added).

Based on *Lopez,* the BOP's 2009 amendments to its regulation, and case law subsequent to the 2009 amendments, the BOP did not violate Riddell's due process rights by denying him early release, as 28 C.F.R. § 550.55(b)(5)(ii) excludes any inmate serving a sentence for mere unlawful possession of a firearm from early release under 18 U.S.C. § 3621(e). *See Licon v. Ledzema*, 638 F.3d 1301, 1311 (11th Cir. 2011); *Handley v. Chapman*, 587 F.3d 273, 276 (5th Cir. 2009) (holding that the BOP's 2009 version of its regulation was neither arbitrary nor capricious because BOP articulated "public safety" as a rationale for its policy). Riddell does not assert a valid due process claim regarding his exclusion from the RDAP and early release.

Second, Riddell's equal protection claim fails under a "rational relation" analysis because he did not allege the necessary element that he was treated differently from others who were similarly situated to him. *See McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir.1999). Specifically, Riddell does not allege that other prisoners who have been convicted of being a felon in possession of a firearm have been granted early release after completing the RDAP. *See*, *e.g.*, *Cushenberry*, 530 F. Supp.2d at 914 (finding that a prisoner convicted under § 922(g) failed to establish an equal protection claim based on the denial of one-year sentence reduction). Riddell alleges in only conclusory terms that his equal protection rights have been violated, which is insufficient. *Perez v. Hemingway*, 157 F.Supp2d 790, 795 (E.D. Mich.2001).

Riddell's equal protection claim also fails under a "strict scrutiny" analysis, as he has not alleged that he was intentionally discriminated against because of his membership in a protected class, such as race, religion, or nationality. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341

7

(6th Cir. 1990). He could not make such a claim because prisoners are not a suspect class under equal protection principles. *Carnes v. Engler*, 76 F. App'x. 79, 81 (6th Cir. 2003); *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000); *see also Swant v. Hemingway*, 23 F. App'x. 383, 384 (6th Cir. 2001) (exclusion of inmate, whose drug sentence included a weapon enhancement, from eligibility under § 3621(e) after successfully completing a drug treatment program did not violate his equal protection rights).

Third and finally, pursuant to 18 U.S.C. § 3625, this Court lacks jurisdiction over Riddell's APA claim. Congress specifically provided in 18 U.S.C. § 3625 that the "provisions of sections 554 and 555 and 701 through 706 of title 5 United States Code, do not apply to the making of any determination, decision, or order under this subchapter." The referenced provisions are the judicial review and notice and comment provisions of the APA. Thus, any decisions pertaining to Riddell's eligibility for early release under 18 U.S.C. § 3621(e) are not reviewable under the APA. *See Orr v. Hawk*, 156 F.3d 651, 655, n. 1 (6th Cir.1998) (noting that the BOP is exempt from the judicial review and notice and comment provisions of the APA); *Cooper v. Zych*, No. No. 09-CV-11620, 2711957, at *2 (E.D. Mich., August 25, 2009) (same); *Pitts v. Zych*, No. 2:09-CV-12329, 2009 WL 1803208, at *1 (E.D. Mich. June 19, 2009).

For these reasons, Riddell's habeas petition will be dismissed with prejudice for failure to state grounds warranting relief under 28 U.S.C. § 2241.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)  Petitioner Rodney Riddell's 28 U.S.C. § 2241 petition, [R. 1] is **DENIED;**

(2)  This action is **DISMISSED WITH PREJUDICE**; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, FMC-Lexington Warden Deborah Hickey.

This April 20, 2012.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge